**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

| | | |
|---|---|---|
| CAROL DANIEL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No.: 8:19-cv-2978-T-02SPF |
| | ) | |
| CONCORD ADVICE, LLC, | ) | |
| MICHAEL LUXENBERG, SPEEDY | ) | |
| SERVICING INC., and CLARITY | ) | |
| SERVICES INC. | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | / | |

**DEFENDANTS, CONCORD ADVICE, LLC AND MICHEL LUXENBERG'S MOTION
TO DISMISS THE FIRST AMENDED COMPLAINT AND JURY TRIAL DEMAND
AND MEMORANDUM OF LAW IN SUPPORT**

Defendants, Concord Advice, LLC ("**Concord**") and Michael Luxenberg ("**Mr. Luxenberg**") (collectively "**Defendants**"), move pursuant to Fed. R. Civ. P. 12(b)(2), to dismiss the First Amended Complaint and Jury Trial Demand (the "**Amended Complaint**") (Doc 19) filed by Plaintiff, Carol Daniel.  In support of this Motion, Defendants incorporate the following Memorandum of Law.

**WHEREFORE**, Defendants Concord Advice, LLC and Michael Luxenberg request this Court dismiss Plaintiff's First Amended Complaint, and grant such other further relief as the Court deems just and proper.

1

## MEMORANDUM OF LAW IN SUPPORT

### I.     Introduction

By this action, Plaintiff purports to seek damages under the Fair Credit Reporting Act (the "**FCRA**") against Defendants and co-defendant, Speedy Servicing, Inc. ("**Speedy**") and Clarity Services, Inc.[1] In reality, the Amended Complaint reads as 39 pages of rambling diatribes concerning the defendants alleged past dealings and affiliations, most of which have no relation to the actual claims set forth in the Amended Complaint. This action is one of at least seven pending lawsuits[2] in which the law firm representing Plaintiff has sued these same defendants making the same identical allegations in an attempt to harass a settlement from Defendants. Plaintiff's allegations range from inaccurate statements of party relationships, allegations regarding non-parties to this lawsuit and extraneous investigations against those parties, and conspiracy theories regarding the origin and affiliations of the parties in this action. Plaintiff's inaccurate and irrelevant allegations in Amended Complaint constitute thinly-veiled attempts to establish this Court's jurisdiction over Concord and Luxenberg.

However, neither Concord nor Luxenberg is in any way responsible for the pulling of Plaintiff's credit report. Rather, Concord, which is owned by Luxenberg, provides IT and consulting services to Speedy. It is not a lender, and it does not pull credit reports. Plaintiff's baseless claim against Defendants rests on the allegations that Luxenberg owns and controls

---

[1] Plaintiff reached a settlement with Defendant Clarity Services
[2] *See Marcus Forbes v. Concord Advice LLC, et al.*, Case No. 8:19-cv-2980, currently pending in the Middle District of Florida; *Vinu Joseph  v. Concord Advice LLC, et al.*, Case No. 8:19-cv-02894-CEH-AEP, currently pending in the Middle District of Florida; *Ruth Barrios v. Concord Advice, LLC, et al*., Case No. 19-CC-062048, currently pending in the County Court in and for Hillsborough County, Florida; *Jordan Ingram v. Concord Advice, LLC, et al.,* Case No. 19-CC-060918, currently pending in the County Court in and for Hillsborough County, Florida; *Amber Forbes v. Concord Advice, LLC, et al.*, Case No. 19-CC-061972, currently pending in the County Court in and for Hillsborough County, Florida; and *Tasha Williams v. Concord Advice, LLC, et al.,* Case No. 19-CC-003201, currently pending in the County Court in and for Hillsborough County, Florida .

Speedy. These allegations are blatantly false, as supported by the affidavits filed in support of this motion.

Putting aside the baseless merit of Plaintiff's claim, the Amended Complaint fails to allege a sufficient basis for subjecting Concord or Luxenberg to the jurisdiction of a Florida court. Moreover, as evidenced by Mr. Luxenberg's affidavit, there are no facts Plaintiff could establish to meet this burden. Accordingly, the Court should dismiss the Amended Complaint as to Concord and Luxenberg for lack of personal jurisdiction.

## II.   **Factual Background**

The crux of Plaintiff's Amended Complaint alleges that Speedy, a British Virgin Islands corporation, impermissibly requested a Credit Bureau Report from Clarity regarding Plaintiff. Am. Compl. ¶¶ 12, 13, 231, 233, 234, 236-255. Plaintiff alleges that Speedy was initial incorporated in the British Virgin Islands, but is currently registered in Quebec, Canada and that its Canadian registrations identify James Meloche and Carolyn Stalk as its owners.  Am. Compl. ¶¶ 6, 15, 16, 17.  Plaintiff then acknowledges in the Complaint that Concord is a separate legal entity from Speedy, organized under Delaware law, with its principal place of business in the State of New Jersey. Am. Compl. ¶ 26. Despite these fundamental distinctions, Plaintiff then attempts to draw the unsupported conclusion that Concord and Speedy are under common control and Luxenberg is the true owner of Speedy.  Am. Compl. ¶¶ 18, 30.

Plaintiff's conclusions appear to be based on its allegations that (1) Speedy provides Concord's business address to credit reporting agencies, (2) Luxenberg owns East Side Lenders, LLC, which uses the same mailing address as members of the "Speedy Loan Network" have used, and (3) in two lawsuits between Speedy and certain check processing companies Speedy contracted with, Luxenberg was assisting Speedy recover funds that belonged to Speedy.  Am. Compl. ¶¶ 13, 58, 61, 109, 110, 119, 123, 124, 125, 188, 198. Plaintiff's attempts to connect

3

Luxenberg and Concord with Speedy for jurisdictional purposes or to attach FCRA liability is wholly without merit and easily disproven. Even further attenuated is Plaintiff's attempt to sue Luxenberg individually for the acts of Speedy, an entity Luxenberg has no affiliation with, without any valid basis to pierce the corporate veil.

Plaintiff's conclusory allegations regarding Concord's and Luxenberg's relationship to Speedy are squarely refuted by the Affidavit of Michael Luxenberg attached as **Exhibit 1** (the "**Affidavit**") and incorporated herein by reference.  As explained in the Affidavit, Luxenberg owns Concord, a limited liability company organized under the laws of the State of Delaware with its principal place of business located at 85 Eagle Rock Avenue, East Hanover, New Jersey 07936. Affidavit ¶ 4. Concord is an advisory company that provides services to financial companies, such as software to track and analyze data, IT support, marketing services and consulting services. Affidavit ¶ 7. With respect to Speedy, Concord is an outside vendor that licenses software to Speedy. Affidavit ¶ 8. Concord has no ownership interest, management position or other affiliation with Speedy.  *Id*.

Luxenberg previously had an ownership interest in East Side Lenders, LLC.  Affidavit ¶ 14. However, on September 12, 2013, Luxenberg sold all of his interest in East Side Lenders, LLC, to James Meloche, who was the owner of Speedy Servicing, Inc.  Affidavit ¶ 15. Luxenberg has not been involved with East Side Lenders, LLC in any capacity since it was sold in September 2013.  Affidavit ¶ 16.  After Luxenberg sold his interest in East Side Lenders, LLC, he started his consulting firm Concord.  Affidavit ¶ 18.  Concord was contracted by Speedy Servicing, Inc. to work as a vendor procuring payment processing.  *Id*. In that capacity, Concord Advice, LLC assisted Speedy Servicing, Inc. with preparing, implementing and enforcing contracts with third party payment processing vendors, such as MD Financial, LLC and XTP Solutions, Inc.  Affidavit

¶ 19. All actions taken by Concord Advice, LLC relating to check processing were at the direction of Speedy Servicing, Inc. *Id*. Concord did not request or obtain consumer credit reports on behalf of Speedy Servicing, Inc. Affidavit ¶ 20.

The sale of East Side Lenders, LLC was an all asset sale and included the sale of the East Side Lenders, LLC website and the UPS private mailbox in Newark, Delaware.  Affidavit ¶¶ 22, 23. After the sale of East Side Lenders, LLC in September of 2013, Luxenberg no longer had any control over the website of East Side Lenders, LLC, nor did he have access to the UPS private mailbox in Newark, Delaware.  *Id*.

Concord does not currently provide Speedy with any payment processing consulting services, nor does Concord or Luxenberg have any contact or interaction with Speedy's customers, including Plaintiff.  Affidavit ¶¶ 36, 37. As Plaintiff acknowledges in paragraph 12 of the Amended Complaint, Speedy in the ordinary course of its business as a lender, requests and obtains consumer credit reports from various credit reporting agencies. Am. Compl. ¶ 12.  Concord and Luxenberg did not provide an address for Speedy to any credit reporting agency. Affidavit ¶ 39. Concord and Luxenberg do not request or obtain consumer credit reports on behalf of Speedy, nor did they direct Speedy to pull a credit report of Plaintiff or were otherwise involved in the pulling of the credit report of Plaintiff. Affidavit ¶ 38.

III.    **Legal Standard.**

A. **Pleading Standard.**

In *Wilchombe v. Teevee Toons, Inc*., 555 F.3d 949, 958 (11th Cir. 2009) (affirming the district court's dismissal of plaintiff's state law claim supplemental to his copyright claim), the Eleventh Circuit discussed the pleading required by the Federal Rules of Civil Procedure:

> "In keeping with the requirement of Federal Rule of Civil Procedure 8(a)(2) that a complaint give only a 'short and plain statement of the claim,' a complaint need not provide detailed factual allegations. *See Bell Atl. Com. v. Twombly*, 550 U.S. 544,

> 127 S.Ct. 1955, 1964, 167 L.Ed.2d 929 (2007).  Nonetheless, a complaint 'requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.' *Id*. at 1965.  A plaintiff must provide enough factual allegations, which are assumed to be true, 'to raise a right to relief above the speculative level.' *Id*. at 1965; *see also Jackson v. BellSouth Telecomm*., 372 F.3d 1250, 1263 (11th Cir.2004) (plaintiffs must allege specific factual bases for their legal conclusions to avoid dismissal of their claims).  Moreover, the facts supporting the claim must be 'consistent with the allegations in the complaint.' *Id*. at 1969."

Mere speculation does not amount to a short and plain statement under Rule 8(a) of the Federal Rules of Civil Procedure. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 1965 (2007) ([A] complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level."); *see also United Techs. Corp. v. Mazer*, 556 F.3d 1260, 1269-71 (11th Cir. 2009) (holding plaintiff must allege facts sufficient to maintain claims not merely recite the required elements of claims; also holding that the district court lacked personal jurisdiction over nonresident defendant).  The factual allegations must support the elements of the claim. *Wilchombe*, 555 F.3d at 959. Although the Court may "liberally construe the Complaint, the Court may not "re-write it" for Plaintiff." *Id*. at 960

### B.  Personal Jurisdiction.

When a court lacks personal jurisdiction over a defendant, all claims against that defendant should be dismissed. *See* Fed. R. Civ. P. 12(b)(2). This Court set forth the legal standard on a motion to dismiss for lack of personal jurisdiction in *Waterproof Gear, Inc. v. Leisure Pro, Ltd*., No. 08 CIV 2191, 2009 WL 1066249 at *2 (M.D. Fla. Apr. 20, 2009):

> "In a motion to dismiss for lack of personal jurisdiction, the plaintiff bears the burden of establishing a prima facie case of personal jurisdiction. *Stubbs v. Wyndham Nassau Resort and Crystal Palace Casino*, 447 F.3d 1357, 1360 (11th Cir. 2006). 'The allegations in the complaint must be taken as true to the extent they are uncontroverted by the defendant's affidavits.' *S & Davis Intern., Inc. v. The Republic of Yemen*, 218 F.3d 1292, 1303 (11th Cir. 2000). 'Where the plaintiffs complaint and supporting evidence conflict with the defendant's affidavits, the

court must construe all reasonable inferences in favor of the plaintiff.' *Meier ex rel. Meier v. Sun Intern. Hotels, Ltd*., 288 F.3d 1264, 1269 (11th Cir.2002)."

\* \* \*

"The determination of personal jurisdiction over a nonresident defendant requires a two-part analysis by the federal courts." *Cable/Home Commc'n Corp. v. Network Prod., Inc*., 902 F.2d 829. 855 (11th Cir. 1990). The first step is to determine 'whether the exercise of jurisdiction is appropriate under the forum state's long-arm statute.' *Sloss Indus. Corp. v. Eurisol*., 488 F.3d 922, 925 (11th Cir. 2007). If so, the Court then determines 'whether exercising jurisdiction over the defendant would violate the Due Process Clause of the Fourteenth Amendment.' *Id*. This second element 'requires that the defendant have minimum contacts with the forum state and that the exercise of jurisdiction not offend 'traditional notions of fair play and substantial justice.'' *Id*. (quoting *Sculptchair, Inc. v. Century Arts, Ltd*., 94 F.3dd 623, 626 (11th Cir. 1996))."

IV.   **Argument.**

A.   **The Amended Complaint Should be Dismissed for a Lack of Personal Jurisdiction.**

To exercise personal jurisdiction over a non-resident defendant, courts engage in a two-part analysis. First, a court must determine whether there is a basis for jurisdiction under Florida's long-arm statute. *Cable/Home Commc'n Corp. v. Network Prod., Inc*., 902 F.2d 829, 855 (11th Cir. 1990). Second, even if the long-arm statute is satisfied, a court must determine whether sufficient contacts exist between the defendant and Florida to satisfy constitutional due process requirements. *Madara v. Hall*, 916 F.2d 1510, 1514 (11th Cir. 1990).

Plaintiff, as the party seeking to invoke the Court's jurisdiction over a non-resident defendant, bears the burden to plead sufficient facts in their complaint to establish a prima facie case of personal jurisdiction. *Hollingsworth v. Iwerks Entm't, Inc*., 947 F. Supp. 473, 476 (M.D. Fla. 1996). Only after the plaintiff satisfies this burden does the burden shift to the defendant to challenge the sufficiency of the allegations in the complaint by affidavits or other evidence. *Prentice v. Prentice Colour, Inc*., 779 F. Supp. 578, 583 (M.D. Fla. 1991) (quoting *Polskie Linie Oceaniczne v. Seasafe Transport*, 795 F.2d 968 (11th Cir. 1986)). If the defendant sufficiently

7

challenges the plaintiff's jurisdictional allegations, the burden then shifts back to the plaintiff to substantiate her jurisdictional allegations in the complaint by affidavits or other competent proof. *Id*.   Here, not only has Plaintiff failed to meet her initial burden to establish jurisdiction over Defendants, but Defendants have refuted Plaintiff's naked and conclusory allegations through the Affidavit.   Accordingly, Plaintiff's Amended Complaint should be dismissed.

### 1.      Specific Versus General Personal Jurisdiction.

It is relevant to the Court's determination whether personal jurisdiction over out-of-state Defendants is defined as "specific" or "general." Specific jurisdiction exists when a non-resident defendant purposefully establishes minimum contacts with the forum state, the cause of action arises out of those contacts, and jurisdiction is constitutionally reasonable. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472-73 (1985); *see also 3D Sys., Inc. v. Aarotech Labs., Inc*., 160 F.3d 1373, 1378 (Fed. Cir. 1998).

General jurisdiction, on the other hand, exists where the defendant has "continuous and systematic" general business contacts with the forum state, even if those contacts are not related to the cause of action. *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 415-16 (1984) ("[T]hese contacts must be 'so substantial and of such a nature as to justify suit against [the defendant] on causes of action arising from dealings entirely different from those activities.'"); *Hockerson-Halberstadt, Inc. v. Propet USA, Inc*., 62 F. App'x 322, 337 (Fed. Cir. 2003) ("The due process contacts requisite to establishing general personal jurisdiction are more exacting than those for specific personal jurisdiction."); *Kozial v. Bombardier-Rotax GMBH*, 129 F. App'x 543, 546 (11th Cir. 2005), cert. denied 547 U.S. 1018 (2006).   This Court has neither general nor specific jurisdiction over Concord of Luxenberg.

a.      **Specific Personal Jurisdiction Over Defendants Does Not Exist.**

With respect to specific jurisdiction, the Florida long-arm statute states, in pertinent part, that a person submits himself to the jurisdiction of courts of this state for any cause of action specifically arising from "[o]perating, conducting, engaging in, or carrying on a business or business venture in the state or having an office or agency in this state." Fla. Stat. § 48.193(1)(a). To establish that a non-resident defendant is engaging in business or a business venture in Florida, the court must consider whether a defendant's collective activities demonstrate a general course of business activity in the state for pecuniary benefit. *Sculptchair*, 94 F.3d at 627 (quoting *Dinsmore v. Martin Blumenthal Assocs., Inc.*, 314 So. 2d 561, 564 (Fla. 1975)).  Factors relevant, but not dispositive, to this analysis include the presence and operation of an office in Florida, the possession and maintenance of a license to do business in Florida, the number of Florida clients served, and the percentage of overall revenue gleaned from Florida clients. *Horizon Aggressive Growth, L.P. v. Rothstein-Kass*, PA., 421 F.3d 1162, 1167 (11th Cir. 2005) (citations omitted).

First, nowhere does Plaintiff contend that Defendants directly conducted any business in Florida.  Indeed, as the Affidavit makes clear, both Defendants lack <u>any</u> contacts, let alone the required contacts necessary for specific jurisdiction. In addition to the facts set forth in the Factual Background above, the Affidavit also demonstrates that Luxenberg is the sole member and manager of Concord.  Affidavit ¶ 4.  Luxenberg is a full-time resident of the State of New Jersey. Affidavit ¶ 2.  Luxenberg has no office or employees in Florida and has never operated, conducted, engaged in or carried on a business or business venture in the State of Florida. Affidavit ¶¶ 2, 3. Luxenberg provides no services to Speedy. Affidavit ¶ 11. Luxenberg and Concord have no ownership interest, management position or other affiliation with Speedy.  Affidavit ¶¶ 8, 11.

Luxenberg and Concord are not the registered agent of, or otherwise authorized to accept service on behalf of Speedy. Affidavit ¶¶ 9, 11. Concord and Luxenberg are not authorized to act in any way on behalf of Speedy. *Id*.

Concord is not registered to do business in Florida, has no offices or employees in Florida and has never operated, conducted, engaged in or carried on a business or business venture in the State of Florida. Affidavit ¶ 5. Luxenberg and Concord are not lenders and does not make loans anywhere, including the State of Florida. Affidavit ¶ 6. Concord and Luxenberg have no contact or interaction with Speedy's customers, including Plaintiff. Affidavit ¶ 37. Luxenberg and do not own or rent any property in Florida. Affidavit ¶ 40. Luxenberg and Concord do not maintain any bank accounts in Florida. Affidavit ¶ 41. Luxenberg and Concord do not pay any taxes in Florida. Affidavit ¶ 42. Luxenberg and Concord do not maintain any licenses in Florida. Affidavit ¶ 43. Luxenberg and Concord have not sold any products in Florida. Affidavit ¶ 44. Luxenberg and Concord do not have any customers in Florida. Affidavit ¶ 45. Luxenberg and Concord do not direct any advertising to Florida or to any specific state or regions. Affidavit ¶ 46.

Thus, neither Concord nor Luxenberg have any connections to Florida sufficient to warrant personal jurisdiction over them.

**b.    This Court Lacks General Jurisdiction Over Defendants.**

As for general jurisdiction, the Florida long-arm statute provides that a defendant who engages in substantial and not isolated activity within the state is subject to jurisdiction in Florida whether or not the claims asserted arise from that activity. Fla. Stat. § 48.193(2). "Substantial and not isolated activity" means "continuous and systematic general business contact" with Florida. *Rexam Airspray, Inc. v. Arminak*, 471 F. Supp. 2d 1292, 1298 (S.D. Fla. 2007); *Woods v. Nova Cos. Belize, Ltd*., 739 So. 2d 617, 620 (Fla. 4th DCA 1999). This standard is the functional

equivalent of the "continuous and systematic" contact requirement for general jurisdiction under the Due Process clause of the Fourteenth Amendment. *Gen. Cigar Holdings, Inc. v. Altadis, S.A*, 205 F. Supp. 2d 1335, 1343 (S.D. Fla. 2002).

Given that Plaintiff cannot satisfy due process requirements under a specific-jurisdiction analysis, she certainly cannot meet the higher due process requirements for general jurisdiction. Plaintiff has not alleged, nor could she have alleged, facts that would indicate those types of substantial or continuous and systematic contacts with Florida sufficient to subject Defendants to general jurisdiction under Fla. Stat. § 48.193(2).  Plaintiff does not allege any facts to establish any contacts by Luxenberg with Florida and the mere allegation that Concord purportedly "directed" Speedy to pull a credit report is completely insufficient to support a claim of general jurisdiction over Concord.  Notwithstanding, even if this bare bones allegation was sufficient to satisfy Plaintiff's initial burden (which it is not), Plaintiff's allegation is refuted by the record evidence submitted by Defendants in the Affidavit.

The closest Plaintiff does come to pleading a basis for personal jurisdiction over Concord is to allege that Speedy used Concord's principal place of business to obtain credit bureau reports. Am. Compl. ¶ 13.  Even assuming this can be construed as the use of a common address (and ignoring the contradictory allegations in the Complaint that Speedy's actual principal place of business is in the British Virgin Islands and its website lists its address in Quebec), the use of a common address is wholly insufficient to establish personal jurisdiction. *MeterLogic, Inc. v. Copier Sols*., 126 F. Supp. 2d 1346, 1358 (S.D. Fla. 2000) (holding that "the sharing of a business address … is insufficient to support a finding that the subsidiaries are the alter ego of their corporate parents.").  Further, here, the Affidavit makes clear that Concord and Luxenberg have no affiliation with Speedy.  *See* Affidavit ¶¶ 8, 11.  Concord is an unrelated vendor of Speedy that

licenses software to Speedy. Affidavit ¶ 8.  There is no common ownership, control or management to support any alter ego theory in this case.

The facts in this case clearly establish the Defendants have no business activity in Florida and there is no basis to support any alter ego claim.  Because Defendants have no continuous business contacts of any kind in Florida, they simply cannot be subject to general personal jurisdiction in Florida.  Therefore, the Complaint should be dismissed.

### 2. Defendants Do Not Possess The "Minimum Contacts" With This Forum Required To Satisfy The Due Process Clause.

If the Court were to find the exercise of personal jurisdiction over Defendants is inappropriate under Florida's long-arm statute, then it need not consider whether sufficient minimum contacts exist between Defendants and Florida so as to satisfy due process requirements. *Homes Design Servs., Inc*., 2007 WL 1752435 at *4.  If, however, the Court were to determine that a sufficient basis exists for personal jurisdiction under the Florida long-arm statute (which it does not), Plaintiff fails to allege facts showing Defendants have the requisite minimum contacts with Florida. *Rubber Res*., *Ltd., LLP v. Press*, 2009 WL 211556 at * 5 (M.D. Fla. January 27, 2009)(citing *Burger King Corp.*, 471 U.S. 462, (1985)); *see also Oldfield v. Pueblo De Bahia Lora, S.A*., 558 F.3d 1210, 1219-24 (11th Cir. 2009).

The Eleventh Circuit has adopted a three-part test to determine whether the minimum contacts requirement has been satisfied.  First, the contacts must be related to the plaintiff's cause of action. *Posner v. Essex Ins. Co., Ltd.*, 178 F.3d 1209, 1220 (11th Cir. 1999) (citing *Vermeulen v. Renault, U.S.A., Inc*., 985 F.2d 1534, 1546 (11th Cir. 1993)).  Second, the contacts must involve some act by which a defendant purposefully avails itself of the privilege of conducting activities within the forum. *Id*.  Third, a defendant's contacts with the forum must be such that the defendant should reasonably anticipate being haled into court there. *Id*.

None of these factors is present here.  As discussed *supra*, both Defendants are a foreign limited liability company and nonresident with their principal place of business and residence in New Jersey and do not operate any business in Florida. *See* Affidavit ¶¶ 2, 3, 4, 5.  In addition, they do not maintain a physical presence (e.g., office, mailing address or registered agent) or any licenses in Florida. Affidavit ¶ 2, 5.  Likewise, they do not own or lease any property in Florida. Affidavit ¶ 40. They also do not maintain any licenses in Florida. Affidavit ¶ 43.

In short, Defendants clearly lack sufficient contact with Florida.  Therefore, Plaintiff cannot meet any of the criteria of the analysis.

### 3. The Exercise of Jurisdiction Over Defendants Would Offend Traditional Notions Of Fair Play And Substantial Justice.

Because Defendants lack sufficient minimum contacts with Florida to subject them to personal jurisdiction, the Court "can forego determining whether the exercise of personal jurisdiction ... would offend traditional notions of fair play and substantial justice." *Keston v. FirstCollect, Inc.*, 523 F. Supp. 2d 1348, 1354 (S.D. Fla. 2007).  Notwithstanding, even if the Court were to consider this factor, it would not change the result because this factor further supports a finding that personal jurisdiction is lacking.

A "primary concern" of the "fairness" test is the burden placed on the nonresident defendant. *Oldfield v. Pueblo De Bahia hora, S.A.*, 558 F.3d 1210, 1222 (11th Cir. 2009) (citing *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 292 (1980)).  Here, Defendants would be substantially burdened if they were forced to defend this lawsuit in the Middle District of Florida.  It would offend traditional notions of fair play and substantial justice to force Defendants to defend a lawsuit in a state with which they have little to no contact. *See Miami Breakers Soccer Club, Inc. v. Women's United Soccer Ass'n*, 140 F. Supp. 2d 1325, 1331 (S.D. Fla. 2001) (King, J.) ("the burden is greater on the Defendants who are located in New York and Boston than on

Plaintiff who is located in Florida for adjudication of this case"). Likewise, "declining to exercise jurisdiction would not harm plaintiff's interests: [s]he could bring this action against [CCFI] in [the state of its residence]." *Green v. USF & G Corp.*, 772 F. Supp. 1258, 1263 (S.D. Fla. 1991); *see also Miami Breakers*, 140 F. Supp. 2d at 1331 ("Plaintiff is not prejudiced ... since the dismissal here, is without prejudice to re-file where jurisdiction is proper."). Finally, "the interstate judicial system would not benefit from Florida's adjudication of the action ...." *Green*, 772 F. Supp. at 1263.

## B.   The Amended Complaint Otherwise Fails to State a Claim for Violation of the Section 1681(b)(f) of the FCRA.

Plaintiff fails to state a claim against Concord and Luxenberg for violations of Section 1681b(f) of the Fair Credit Reporting Act (the "FCRA") for multiple reasons. First, Plaintiff lacks Article III standing to bring an FCRA claim against Concord or Luxenberg because Plaintiff has not alleged any concrete, particularized harm incurred or about to incur as a result of the purported credit pull. Even if Plaintiff had Article III standing, the allegations of the Amended Complaint suggest that Speedy, not Concord or Luxenberg, purportedly obtained or used Plaintiff's consumer credit report. Even if Plaintiff could establish that Luxenberg or Concord directed the pull, the exhibits attached to the Amended Complaint explain that the credit pull was for a permissible purpose under Section 1681b(f). Plaintiff fails to state a claim under the FCRA against Concord and Luxenberg as a result, and the Amended Complaint should be dismissed accordingly.

### 1.   Plaintiff Lacks Article III Standing to Bring An Action Against Concord and Luxenberg.

Because Plaintiff has failed to allege any concrete and particularized harm that she has suffered or is likely to suffer, Plaintiff lacks Article III standing to bring a claim for violation of the FCRA. Plaintiff's claims in the Amended Complaint against she plaintiff "bears the burden of

showing that [s]he has standing." *Summers v. Earth Island Inst.*, 555 U.S. 488, 493 (2009). "[E]ach element [of standing] must be supported in the same way as any other matter on which the plaintiff bears the burden of proof, *i.e.*, with the manner and degree of evidence required at the successive stages of the litigation." *Am. Civil Liberties Union of Florida, Inc. v. Dixie County, Fla.*, 690 F.3d 1244, 1247 (11th Cir. 2012) (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992)). "Where, as here, a case is at the pleading stage, the plaintiff must 'clearly . . . allege facts demonstrating' each element." *Spokeo*, 136 S. Ct. at 1547 (quoting *Warth v. Seldin*, 422 U.S. 490, 518 (1975)) (alterations in original).

The U.S. Supreme Court recently explained that "the 'irreducible constitutional minimum' of standing consists of three elements." *Spokeo*, 136 S. Ct. at 1547 (quoting *Lujan*, 504 U.S. at 56). A plaintiff "must have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of a defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Id.*

Injury is "the '[f]irst and foremost' of standing's three elements." *Spokeo*, 136 S. Ct. at 1547 (quoting *Steel Co. v. Citizens for Better Env't*, 523 U.S. 83, 103 (1998)). "To establish injury in fact, a plaintiff must show that he or she suffered 'an invasion of a legally protected interest' that is 'concrete and particularized' and 'actual or imminent, not conjectural or hypothetical.'" *Id.* at 1548 (quoting *Lujan*, 504 U.S. at 560). "Particularization is necessary to establish injury in fact, but it is not sufficient. An injury in fact must also be 'concrete.'" *Id.* at 1548. "Article III standing requires a concrete injury even in the context of a statutory violation." *Id.*

Plaintiff has failed to assert any concrete and particularized injury separate from a purported statutory violation in the Amended Complaint. As well-settled case law in the Eleventh Circuit and others has consistently informed, "[a] 'concrete' injury must be '*de facto*'; that is, it must actually exist." *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, (2016), as revised (May 24, 2016).

The United States Supreme Court has also asserted that "[w]hen we have used the adjective 'concrete' we have meant to convey the usual meaning of the term—'real,' and not 'abstract.'" *Id.* Similarly, when plaintiffs seek to establish standing based on a threatened injury, the Supreme Court has explained "that 'threatened injury must be certainly impending to constitute injury in fact,' and that mere '[a]llegations of possible future injury' are not sufficient." *Clapper v. Amnesty Int'l USA*, 133 S. Ct. 1138, 1147 (2013) (quoting Whitmore v. Arkansas, 495 U.S. 149, 158 (1990)) (emphasis in original); *Shelton v. Blindbid Inc.*, 2019 WL 4451376 (N.D. Ohio September 17, 2019) (complaint dismissed for lack of standing because Plaintiff did not allege any facts that show a concrete and particularized injury resulting from Defendants' alleged FCRA violation).

Here, the Plaintiff "cannot satisfy the demands of Article III by alleging a bare procedural violation." *Spokeo*, 136 S. Ct. at 1547 (explaining that a "violation of the FCRA's procedural requirements may result in no harm"). Plaintiff has failed to allege ***any*** harm from the alleged procedural violation (Section 1681e(f)), in its Amended Complaint, nor has Plaintiff alleged any impending concrete and particularized harm. *See* Am. Compl. Such an attenuated allegation of "harm" is simply insufficient to give rise to the present or impending ***concrete*** harm sufficient to confer Article III standing. Plaintiff's allegations of ***possible*** future injury are also insufficient. *See Clapper*, 133 S. Ct. at 1147. Plaintiff's Amended Complaint should be dismissed accordingly.

## 2. Plaintiff Fails to Sufficiently Allege That Luxenberg or Concord Used or Obtained a Consumer Report for Any Impermissible Purpose.

Even if Plaintiff did have Article III standing to bring her claims (she does not), Plaintiff has failed to sufficiently allege that Concord or Mr. Luxenberg used or obtained the Plaintiff's consumer report without a permissible purpose. The Amended Complaint should be dismissed as to Concord and Mr. Luxenberg accordingly.

16

To state a claim for violation of the FCRA in connection with the misuse or acquisition of a consumer report, a plaintiff must adequately allege: (1) that there was a consumer report, (2) that defendants used or obtained it, (3) that they did so without a permissible statutory purpose, and (4) defendants acted with the specified culpable mental state. *Little v. Asset Acceptance, LLC*, Case No. 12-81116-CIV, 2013 WL 12080760, at *3 (S.D. Fla. Apr. 9, 2013). The FCRA sets forth various purposes for which consumer reports may be lawfully accessed. For instance, a report may be provided in connection with a consumer's credit activity and "involving the extension of credit to, or review or collection of an account of, the consumer." 15 U.S.C. § 1681b(a)(3)(A). To establish a claim for willful or negligent misuse or acquisition of a consumer report, a plaintiff must establish that the defendant acted without a permissible purpose or a "reasonable belief" that a permissible purpose existed. *Farrell v. Hanna*, Case No. 6:14–cv–81–Orl–18KRS, 2014 WL 12616977, at *2 (M.D. Fla. Aug. 22, 2014). An entity with a reasonable belief that is has a permissible purpose to acquire a consumer credit report does not violate the FCRA. *See id.*

Plaintiff fails to sufficiently allege that Concord or Luxenberg violated the FCRA by obtaining or using Plaintiff's credit report. In the Amended Complaint, Plaintiff specifically states that "Speedy requested a [consumer credit report] from Clarity regarding [Plaintiff]" and that "Clarity, in turn, requested and obtained a copy of [Plaintiff's] Experian consumer credit report." *See* Am. Compl. ¶¶ 236, 237. The allegations are clear that Plaintiff contends it was actually Speedy who requested the report. Plaintiff then attempts to effectively impute liability for this purported credit pull by simply alleging that the pull occurred at the direction of Luxenberg and/or Concord or by lumping together multiple Defendants by threadbare allegations of connectivity. Plaintiff's threadbare and contradictory allegations are insufficient to withstand dismissal.

Finally, Exhibit "KK" attached to Plaintiff's Amended expressly shows that (1) Clarity was the account identified as having pulled the credit report, and (2) that the purpose of the credit report for a "[l]ine of credit," a permissible purpose for pulling a credit report under Section 1681b(f). Thus, it is unclear how Plaintiff alleges she will state a claim against Concord and Luxenberg, two attenuated parties, for a credit pull initiated by Speedy and effectuated by Clarity, particularly when the Plaintiff's own exhibits identify a permissible purpose for the pull. Plaintiff's Amended Complaint against Concord and Luxenberg is due to be dismissed accordingly.

## V.    <u>Conclusion.</u>

As demonstrated by the facts in this case, the alleged unlawful transaction at issue in this case occurred <u>six</u> years after Luxenberg sold his interest in what would eventually become Speedy. Plaintiff's attempts to connect Concord or Luxenberg with Speedy are meritless, and the facts and supporting evidence lead to the inevitable result that this Court does not have personal jurisdiction over Concord and Luxenberg, two parties without sufficient contacts to Florida.

Not only is the Amended Complaint in the instant action filled with impertinent and irrelevant allegations meant solely to harass the Defendants, Plaintiff's attorneys have filed seven nearly-identical lawsuits against the Defendants. The continued filing of meritless lawsuits against the Defendants constitutes nothing more than vexatious, harassing litigation aimed towards the Defendants Concord and Luxenberg and in attempts to become professional plaintiffs against these Defendants. Thus, for the reasons set forth above, Plaintiff's Amended Complaint against Defendants should be dismissed. Concord and Luxenberg are not subject to personal jurisdiction in Florida and Plaintiff otherwise fails to state a claim under the FCRA.

[Signature Page to Follow]

18

Dated February 3, 2020.

Respectfully submitted,

*/s/ Lauren G. Raines*
Lauren G. Raines, Esq.
Florida Bar No. 11896
Tara M. Petzoldt, Esq.
Florida Bar No. 0125099
**BRADLEY ARANT BOULT CUMMINGS LLP**
100 N. Tampa Street, Suite 2200
Tampa, FL 33602
T: (813) 559-5500 | F: (813) 229-5946
Primary email: lraines@bradley.com
Primary E-Mail:  tpetzoldt@bradley.com
Secondary email: eajohnson@bradley.com
*Counsel for Defendants Concord Advice, LLC, and Michael Luxenberg*


## CERTIFICATE OF SERVICE

I hereby certify that on February 3, 2020, I electronically filed the foregoing with the Clerk of Court using the CM/ECF System which will send an electronic notification of such filing to all counsel of record.

*/s/Lauren G. Raines*
Attorney