# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

CAROL DANIEL,

    Plaintiff,

v.                                                 Case No. 8:19-CV-02978-T-02SPF

CONCORD ADVICE, LLC., MICHAEL LUXENBERG, SPEEDY SERVICING, INC. and CLARITY SERVICES INC.,

    Defendants.

_____/

## **ORDER GRANTING THE MOTION TO QUASH**

This matter is before the Court on Defendant Speedy Servicing's Motion to Quash Service of Process and Motion to Dismiss for Lack of Personal Jurisdiction. Dkt. 31. Plaintiff, Carol Daniel, filed a response. Dkt. 40. With the benefit of full briefing the Court grants the Motion to Quash Service of Process and denies the Motion to Dismiss.

## **BACKGROUND**

Plaintiff alleges that on September 1, 2017, Defendant Speedy Servicing[1] requested a credit bureau report from Clarity regarding Plaintiff without having a loan application or request from Plaintiff. Dkt. 19 ¶ 236. Clarity then requested a

---

[1] Plaintiff alleges that the proper name of Defendant is Speedy Servicing Inc. Defendant contests this. For the sake of clarity in this Order the Defendant will be referred to as Speedy Servicing.

copy of Plaintiff's Experian consumer credit report. *Id.* ¶ 237. Experian recorded this request as a hard inquiry, meaning an inquiry made as a result of a customer's request. *Id.* ¶ 238. This type of inquiry becomes part of a consumer's credit report and lowers a consumer's credit score. *Id.* Plaintiff discovered this inquiry when she received a copy of her consumer disclosure from Experian on September 9, 2019. *Id.* ¶ 239. The stated reason for the inquiry was a "[l]ine of credit on behalf of RAPITAL CAPITAL." *Id.* ¶¶ 241–43; Dkt. 19-2 at 63. Plaintiff alleges she did not apply for a loan from Rapital Capital and did not consent to her credit report being obtained. Dkt. 19 ¶ 244. Plaintiff alleges that Rapital Capital is not a licensed deferred presentment provider and cannot legally lend money at the rates charged because they exceed Florida's maximum legal interest rate. *Id.* ¶ 246. Plaintiff further alleges that Rapital Capital is not a licensed business entity in the state of Florida. *Id.* ¶ 247. As Rapital could not issue a legal loan to Plaintiff and because she had not requested one, Rapital did not have a permissible purpose for obtaining Plaintiff's credit report. *Id.* ¶¶ 248–49. Plaintiff alleges that she discovered Speedy Servicing, Inc. after it had filed a civil lawsuit in New York on June 28, 2019, in which it claimed that "Rapital Capital" was one of the names under which it operated" Dkt. 40 at 4.

Key to the understanding of the underlying claims and the motion to quash is the alleged organization and connection between the Defendants. Plaintiff alleges

2

that Defendant Michael Luxenberg is the true owner of Speedy Servicing and several other related loan companies. Dkt. 19 ¶¶ 18–23. Plaintiff alleges that Speedy Servicing has gone through numerous iterations and changes in ownership, structure, and location in the past decade, all for the purpose of evading recognition.[2] While Plaintiff identifies six reorganizations of Speedy Serving, the three that are most relevant to this suit are: Speedy Servicing Inc. registered in the British Virgin Island; Speedy Servicing registered in Kahnawake, Quebec, Canada under James Meloche; and Speedy Servicing registered in Kahnawake, Quebec, Canada under Carolyn Stalk. Dkt. 19 ¶¶ 6, 130–132, 153, 163–165. According to Plaintiff, neither of the Canadian companies are registered as corporations nor do they have any employees. *Id.* ¶¶ 162, 167. Plaintiff alleges that Speedy Services is run by Michael Luxenberg at Concord's office in New Jersey. *Id.* ¶ 256.

    Defendants object to this characterization of their businesses. Relevant to this Order, Defendant Speedy Servicing argues that it is a sole proprietorship registered in Quebec, Canada and owned by Carolyn Stalk, a member of the Mohawk First Nation. Dkt. 31 at 2. Speedy Servicing alleges that it licenses software and IT services from Concord but that it "does not maintain any formal operations at 85 Eagle Rock Ave., East Hanover, New Jersey, 07936," and that no

---

[2] For a full description of Plaintiff's allegations regarding the Defendants' organizational structure *see* Dkt. 19.

one there can accept service on its behalf. *Id.* at 3. Speedy Servicing provided an affidavit from Diana Thomas who states she is a full-time employee of Speedy Servicing with knowledge of the present legal proceeding.[3] Dkt. 31-1 at 1. Speedy Servicing alleges that it has exist in this formation since April 2018 and the June 2019 lawsuit by Speedy Servicing Inc. was for defaults prior to Ms. Stalk's formation of the current organization.[4]

In her response to the motion to quash, Plaintiff details her extensive efforts to service process on Defendant Speedy Servicing. Plaintiff found the address 1329 Arena Road, Lot 110, Kahnawake, Quebec, Canada listed on all five of the related Speedy Loan Network websites and as the listed principal place of business in the June 2019 lawsuit. Dkt. 40 at 4–5. Plaintiff alleges that when you search for this address on Google Maps that no such address can be located. *Id.* at 5. Plaintiff then sent an investigator to Kahnawake to locate the address. *Id.* The investigator drove through Kahnawake, inquired with an acquaintance familiar with the area, and determined that there is no Arena Road. Dkt. 40-1 at 29. Plaintiff then relied on a sworn affidavit from counsel for a company that did business with Speedy

---

[3] The Court notes that in Speedy Servicing's company registration with Quebec—also attached to its motion—Speedy states that the "Number of employees in Quebec: Aucun" meaning none or not any in French. Dkt. 31-1 at 5.

[4] Defendant Speedy Servicing asks the Court to look to Defendant Michael Luxenberg's affidavit to explain the ownership and operations of the prior Speedy Servicing, Inc. How and when Speedy Servicing Inc. was transferred from James Meloche to Carolyn Stalk is unclear. Dkt. 31-1 at 4. Defendant Luxenberg stated in his affidavit that he was involved in the 2019 lawsuit for Speedy Servicing Inc. for amounts owed under a 2017 payment processing agreement. *Id.* at 6.

Servicing in 2017, who stated that in July of 2017 she met Michael Luxenberg at 85 Eagle Rock Ave., where Defendant Luxenberg referred to himself as the owner of Speedy Servicing. Dkt. 40-1 at 31. Finally, Petitioner relies on other consumers' credit inquiries from 2019 which list "Speedy Servicing Inc" and an address at 85 Eagle Rock Avenue, East Hanover, New Jersey. Dkt. 40 at 7–8.

## LEGAL STANDARD

The burden to establish effective service of process is on the party seeking to invoke the court's jurisdiction. *Pierre v. Little New Orleans 1 Kitchen & Oyster Bar, L.L.C.*, No. 6:15-CV-709-ORL-40DAB, 2016 WL 721925, at *2 (M.D. Fla. Feb. 24, 2016) (citing *Lazaro v. U.S. Dep't of Agric.*, 186 F. Supp. 2d 1203, 1217 (M.D. Fla. 2001)). "Service of process is a jurisdictional requirement: a court lacks jurisdiction over the person of a defendant when that defendant has not been served." *Pardazi v. Cullman Med. Ctr.*, 896 F.2d 1313, 1317 (11th Cir. 1990). "A party may seek dismissal under Rule 12 for insufficient service of process. Fed. R. Civ. Pro. 12(b)(5). "But, the Court 'has broad discretion to dismiss the action or to quash service but retain the case' when service of process is insufficient." *Callaway v. Kittler*, No. 6:13-CV-1561-ORL-22, 2013 WL 6065759, at *1 (M.D. Fla. Nov. 18, 2013) (quoting *Thermo–Cell Southeast, Inc. v. Technetic Indus., Inc.,* 605 F. Supp. 1122, 1124 (N.D. Ga. 1985)). "In actions removed from state court, the sufficiency of service of process prior to removal is determined by the law of

5

the state from which the action was removed." *Id.* (quoting *Rentz v. Swift Transp. Co., Inc.,* 185 F.R.D. 693, 696 (M.D. Ga. 1998)).

Plaintiff attempted to serve process prior to the case being removed to federal court, thus Florida law applies. "If the process server's return of service is regular on its face, then Florida law presumes it is valid in the absence of clear and convincing contradictory evidence." *Rodger v. Quicken Loans Inc.*, No. 6:13-CV-1195-ORL-18TBS, 2013 WL 12388554, at *3 (M.D. Fla. Sept. 19, 2013), *report and recommendation adopted*, No. 6:13-CV-1195-ORL-37, 2013 WL 6511725 (M.D. Fla. Dec. 12, 2013). "Conversely, if the return of service is not regular on its face, then 'it cannot be relied upon as evidence that the service of process was valid.'" *Id.* (quoting *Bank of Am. v. Bornstein*, 39 So. 3d 500, 503 (Fla. 4th DCA 2010)). The Florida statute further acknowledges the need to comply with the Hague Convention when serving a party outside of the United States. Fla. Stat. § 48.194(1).

## DISCUSSION

In the Amended Complaint Plaintiff alleges that Defendant Speedy Servicing is a corporation. "Florida law provides a hierarchy for the service of original process on a corporation." *Rodger*, 2013 WL 12388554, at *3. Florida law provides that:

(1) Process against any private corporation, domestic or foreign, may be served:
   (a) On the president or vice president, or other head of the corporation;
   (b) In the absence of any person described in paragraph (a), on the cashier, treasurer, secretary, or general manager;
   (c) In the absence of any person described in paragraph (a) or paragraph (b), on any director; or
   (d) In the absence of any person described in paragraph (a), paragraph (b), or paragraph (c), on any officer or business agent residing in the state.
(2) If a foreign corporation has none of the foregoing officers or agents in this state, service may be made on any agent transacting business for it in this state.
(3)(a) As an alternative to all of the foregoing, process may be served on the agent designated by the corporation under § 48.091. However, if service cannot be made on a registered agent because of failure to comply with § 48.091, service of process shall be permitted on any employee at the corporation's principal place of business or on any employee of the registered agent. A person attempting to serve process pursuant to this paragraph may serve the process on any employee of the registered agent during the first attempt at service even if the registered agent is temporarily absent from his or her office.
   (b) If the address for the registered agent, officer, director, or principal place of business is a residence, a private mailbox, a virtual office, or an executive office or mini suite, service on the corporation may be made by serving the registered agent, officer, or director in accordance with § 48.031.

Fla. Stat. § 48.081. Plaintiff has not provided evidence to this Court that she attempted to serve process on Defendant Speedy Servicing in the manner required by state statute. While Plaintiff argues that she attempted to locate addresses which

were associated with Defendant Speedy Servicing, she does not allege the necessary items under Florida law.[5] As such, service of process must be quashed.

However, the Court finds that Plaintiff made a good faith and diligent effort to serve Defendant Speedy Servicing. Plaintiff's allegations about the Defendants business structure and constant changing of hands are not insignificant and will likely play a role in the outcome of this case. But, at this time, Plaintiff has not demonstrated that Defendant Speedy acted in bad faith to avoid service of this complaint. In that vein, Plaintiff is granted leave to cure defects in her service of process to Defendant Speedy Servicing under Rule 4.[6] *See generally Hekawi LLC v. Marlow Yachts, LTD.*, 2020 WL 1065120 (M.D. Fla. Mar. 5, 2020). As Speedy Servicing has actual notice of this case and, per its own motion, has been on actual

---

[5] Plaintiff appears to argue that Defendant Speedy Servicing is evading service of process. There are cases where courts will consider a defendant with actual knowledge who is avoiding process to be sufficiently served but Plaintiff has not provided the necessary evidence for an exception under Florida law. *See Hollis v. Cunningham*, No. 07-23112-CIV, 2008 WL 11417652, at *1 (S.D. Fla. Feb. 6, 2008); *BoatFloat, LLC v. Cent. Transp. Int'l, Inc.*, 941 So. 2d 1271, 1273–75 (4th DCA 2006) (discussing Florida case law regarding when an exception should be applied for evading service of process).

[6] Under Federal Rule of Civil Procedure Rule 4(m) service of the Defendant by the Plaintiff is required within 120 days, however this can be extended by the court for good cause. Also Rule 4(m) does not apply to service in a foreign country. As Defendant Speedy Servicing has represented itself as a foreign entity, the 120-day requirement does not apply. *See e.g.*, *Callaway*, 2013 WL 6065759, at *2; *Health Sci. Distribs., Co. v. Usher–Sparks*, No. 6:10–cv–1797–Orl–31KRS, 2012 WL 601148, at *3 (M.D. Fla. Jan. 20, 2012).

notice of this case since it was removed to federal court, the Court anticipates the issue of proper service will be resolved between the Parties.[7]

The Court must make one cautionary statement. It has zero patience and zero tolerance for shell games and deliberate avoidance of service. This applies to parties and lawyers.

Defendant Speedy Servicing further moved to dismiss for lack of personal jurisdiction. As service has been quashed, this motion is denied as moot.

## CONCLUSION

For the reasons stated above the Court grants Defendant's motion for to quash service of process and denies the Defendant's motion to dismiss. Dkt. 31. The Plaintiff is granted leave to cure any defects in service under Rule 4.

**DONE AND ORDERED** at Tampa, Florida, on April 6, 2020.

*/s/ William F. Jung*
**WILLIAM F. JUNG**
**UNITED STATES DISTRICT JUDGE**

**COPIES FURNISHED TO**:
Counsel of Record

---

[7] Plaintiff argues prematurely that she believes Defendant Speedy Servicing may refuse service under the Hague Convention. This argument is not properly before the Court as Defendant Speedy Servicing has not refused such service—to the contrary, Speedy Servicing stated in its motion that "Rule 4 would permit Plaintiff to cure the insufficient service, including service through the Hague Convention[.]" Dkt. 31 at 6.