# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

CAROL DANIEL,

    Plaintiff,

v.

CONCORD ADVICE, LLC., MICHAEL
LUXENBERG, SPEEDY SERVICING,
INC. and CLARITY SERVICES INC.,

    Defendants.

_____/

Case No. 8:19-CV-02978-T-02SPF

## ORDER DENYING THE MOTION TO DISMISS

This matter is before the Court on Defendants Concord Advice, LLC and Michael Luxenberg's Motion to Dismiss. Dkt. 32. Plaintiff, Carol Daniel, filed a response. Dkt. 40. Defendants filed a reply. Dkt. 43. With the benefit of full briefing the Court denies in part and defers in part the Motion to Dismiss.

### BACKGROUND

The Court discussed the factual background of this case at length in its prior order dated April 6, 2020. Dkt. 44. As such, the Court will only briefly review the facts as alleged by Plaintiff.

Plaintiff alleges that on September 1, 2017, Defendant Speedy Servicing[1] requested a credit bureau report from Clarity[2] regarding Plaintiff without having a loan application or request from Plaintiff. Dkt. 19 ¶ 236. Plaintiff alleges that this inquiry was done without her knowledge or permission in violation of the Fair Credit Reporting Act ("FCRA"). Plaintiff alleges that Defendant Michael Luxenberg, owner of Defendant Concord Advice, LLC, is the de facto owner of Speedy Servicing and is responsible for its conduct. Dkt. 19 ¶¶ 18–23. Defendant Luxenberg argues that these allegations are false and that neither he nor Concord are responsible for pulling credit reports, they merely provide IT and consulting services to Speedy. Dkt. 32 at 2.

## LEGAL STANDARD

A motion to dismiss because the plaintiff lacks standing is an attack on the district court's subject matter jurisdiction and is brought pursuant to Rule 12(b)(1). *Doe v. Pryor*, 344 F.3d 1282, 1284 (11th Cir. 2003). When defendants make a facial attack on subject matter jurisdiction the plaintiff receives similar safeguards to a challenge under Rule 12(b)(6). *McElmurray v. Consol. Gov't of Augusta-Richmond Cty.*, 501 F.3d 1244, 1251 (11th Cir. 2007) (citation omitted).

---

[1] Plaintiff alleges that the proper name of Defendant is Speedy Servicing Inc. Defendants contests this. For the sake of clarity in this Order this Defendant will be referred to as Speedy Servicing or Speedy.
[2] A notice of settlement and a 60-day order for Defendant Clarity were filed on January 7, 2020. Dkts. 12 & 13.

"Accordingly, the court must consider the allegations in the plaintiff's complaint as true." *Id.* (internal quotation omitted).

Under a motion to dismiss for lack of personal jurisdiction, plaintiffs have "the burden of establishing a *prima facie* case of personal jurisdiction over a nonresident defendant." *Meier ex rel. Meier v. Sun Int'l Hotels, Ltd.*, 288 F.3d 1264, 1268–69 (11th Cir. 2002) (citation omitted). When "the defendant submits affidavits to the contrary, the burden traditionally shifts back to the plaintiff to produce evidence supporting jurisdiction unless those affidavits contain only conclusory assertions that the defendant is not subject to jurisdiction." *Id.* at 1269 (citation omitted). "Where the plaintiff's complaint and supporting evidence conflict with the defendant's affidavits, the court must construe all reasonable inferences in favor of the plaintiff." *Id.* (citation omitted).

To survive a Rule 12(b)(6) motion to dismiss, a plaintiff must plead sufficient facts to state a claim that is "plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). When considering a Rule 12(b)(6) motion, the Court accepts all factual allegations in the complaint as true and construes them in the light most favorable to the plaintiff. *Pielage v. McConnell*, 516 F.3d 1282, 1284 (11th Cir. 2008) (citation omitted). Courts should limit their "consideration to the well-pleaded factual allegations, documents central to or referenced in the

complaint, and matters judicially noticed." *La Grasta v. First Union Sec., Inc.*, 358 F.3d 840, 845 (11th Cir. 2004) (citations omitted).

## DISCUSSION

Defendants moved to dismiss Plaintiff's Amended Complaint on three grounds. First, that Plaintiff lacks standing to bring this FCRA claim. Second, that this Court lacks jurisdiction over the Defendants. Third, that Plaintiff has failed to sufficiently allege a claim under the FCRA. Each of these will be addressed in turn.

1) <u>Standing</u>

Defendants argue that the Plaintiff lacks standing to bring this FCRA claim because she has not alleged a concrete and particularized injury. Dkt. 32 at 14. Defendants argue that under the Supreme Court precedent in *Spokeo*, Plaintiff has failed to allege the constitutional minimum to obtain standing. *Id.* at 15; *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540 (2016)

To begin, plaintiffs have the burden of proving that they have Article III standing. *Spokeo*, 136 S. Ct. at 1547. To do that, plaintiffs must allege sufficient facts to establish that they "(1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Id.* (citation omitted). "[A]t the pleading stage, [plaintiffs] must 'clearly ... allege facts demonstrating' each element." *Id.* (quoting

*Warth v. Seldin*, 422 U.S. 490, 518 (1975)). "To establish injury in fact, [Plaintiff] must show that [she] suffered 'an invasion of a legally protected interest' that is 'concrete and particularized' and 'actual or imminent, not conjectural or hypothetical.'" *Id.* at 1548 (citation omitted). Under a facial attack to standing, as here, the allegations of the complaint must be accepted as true. *See McElmurray*, 501 F.3d at 1251 ("[T]he plaintiff is left with the safeguards similar to those retained when a Rule 12(b)(6) motion to dismiss for failure to state a claim is raised.").

Plaintiff bases her case on allegations the Speedy Servicing made a 'hard' credit inquiry about her credit information without her authorization and without a permissible purpose. Dkt. 19 at 33–34. Defendants argue that this is not a particularized or concrete injury. Dkt. 32 at 14. The Court disagrees.

"For an injury to be 'particularized,' it 'must affect the plaintiff in a personal and individual way.'" *Spokeo*, 136 S. Ct. at 1548. The Plaintiff was personally affected because it was <u>her</u> information that was allegedly requested without her authorization and it was <u>her</u> credit report that contained the allegedly improper 'hard' inquiry. This is a sufficiently particularized injury under *Spokeo*. *Id.*

In *Spokeo*, the Supreme Court determined that while an injury does not have to be tangible to be concrete, a "bare procedural violation" of the FCRA is insufficient to confer standing. *Id.* at 1549–50. Instead, to determine whether an

5

injury is sufficiently concrete to confer standing, the court must "consider whether [the] alleged intangible harm has a close relationship to a harm that has traditionally been regarded as providing a basis for a lawsuit in English or American courts," and determine whether Congress has elevated the intangible harm to the status of a legally cognizable injury. *Id.* at 1549.

The alleged harm here is sufficiently concrete to confer Article III standing. Plaintiff alleges that the 'hard' inquiry becomes part of her credit report, which is provided to other lenders, and lowers her credit score. Dkt. 19 ¶ 238. This lower credit score could result in her being denied a loan from another lender or having to pay a higher interest rate. The Eleventh Circuit has recognized that such economic harm is "a quintessential injury in fact." *Pinson v. JPMorgan Chase Bank, N.A.*, 942 F.3d 1200, 1207 (11th Cir. 2019). The Eleventh Circuit has also recognized that reporting inaccurate information about a plaintiff's credit is closely related "to the harm caused by publication of defamatory information" which is itself a concrete injury. *Id.* At this stage the Court accepts the allegations in a plaintiff's complaint as true, as such Ms. Daniel's has adequately alleged a sufficient injury in fact to confer standing.

Even if Plaintiff has failed to sufficiently plead economic harm as a concrete injury, multiple courts, including the Middle District of Florida, have held that a violation of the FCRA's prohibition against using or obtaining consumer reports

for an impermissible purpose is not the sort of "bare procedural violation" discussed in *Spokeo*. *See, e.g.*, *Marcus Forbes v. Concord Advice, LLC et al.*, No. 8:19-cv-02980-VMC-CPT, Dkt. 73 at 11 (M.D. Fla. Apr. 21, 2020); *Nayab v. Capital One Bank (USA), N.A.*, 942 F.3d 480, 492–93 (9th Cir. 2019); *Heagerty v. Equifax Info. Servs., LLC*, No. 1:18-cv-1233-CAP, 2020 WL 1315712, at *5–6 (N.D. Ga. Mar. 19, 2020); *Blumenfeld v. Regions Bank*, 374 F. Supp. 3d 1165, 1168–69 (N.D. Ala. 2019). Instead, the FCRA conferred a substantive right and an allegation of infringement on that right is a concrete injury. *Gause v. Med. Bus. Consultants, Inc.*, 424 F. Supp. 3d 1175, 1197–98 (M.D. Fla. Dec. 12, 2019). Thus, Plaintiff has sufficiently alleged an injury in fact, and she has Article III standing.

2) Personal Jurisdiction

Next, Defendants argue that Plaintiff's claim should be dismissed for lack of personal jurisdiction. Dkt. 32 at 7. Defendants argue that this Court has neither general nor specific personal jurisdiction over Defendants. *Id.* at 7–12. Defendants further argue that they do not possess minimum contacts with the forum and that exercising jurisdiction over them would violate the traditional notions of fair play. *Id.* at 12–13. In her response, Plaintiff argues that there is specific personal jurisdiction over Defendants and that Defendants have the necessary minimum contacts with the forum. Dkt. 40 at 14.

7

To establish personal jurisdiction over a non-resident defendant, the Court's inquiry is two-fold: "(1) whether personal jurisdiction exists over the nonresident defendant . . . under Florida's long-arm statute, and (2) if so, whether that exercise of jurisdiction would violate the Due Process Clause of the Fourteenth Amendment to the U.S. Constitution." *Louis Vuitton Malletier, S.A. v. Mosseri*, 736 F.3d 1339, 1350 (11th Cir. 2013) (citation omitted); *see Sun Bank, N.A. v. E.F. Hutton & Co.*, 926 F.2d 1030, 1033 (11th Cir. 1991).

The first step in this analysis is to determine whether Plaintiff has sufficiently alleged a connection between Defendants Luxenberg and Concord and Defendant Speedy. Without that alleged connection, Plaintiff could not tie Defendants Luxenberg and Concord to the alleged FCRA violation and the Court would lack personal jurisdiction over the Defendants. In her Amended Complaint Plaintiff alleges that Defendant Luxenberg, either individually or as the owner of Concord, is the true owner and controller of Defendant Speedy, making him responsible for Speedy's alleged FCRA violation by making a 'hard' credit inquiry. Plaintiff argues that the complex series of different versions of Speedy over the past decade is evidence that Speedy and its current owner are merely strawmen with Defendant Luxenberg the de facto owner.

Defendants dispute this claim and supplied two affidavits from Defendant Luxenberg, which they claim discredit Plaintiff's allegations. In Defendant

Luxenberg's first affidavit he denies any ownership or control of Speedy, and states his actions on behalf of Speedy were made as a consultant. Dkt. 32-1 ¶¶ 8, 9, 11, 12, 17–20. In his second affidavit, Defendant Luxenberg repeats his assertions that he is not the owner of Speedy and claims that he did not represent himself as the owner of Speedy to Josephine Pereira. Dkt. 43-1 at 1–2

Plaintiff responded by providing an affidavit of Josephine Pereira, who was general counsel for XTP, who met with Defendant Luxenberg about XTP processing credit and debt transactions for Rapital Capital. Dkt. 40 at 6–7. Speedy brought a breach of contract claim against XTP in New York, which is how Plaintiff initially connected Rapital Capital to Defendant Speedy. In the affidavit Pereira states that she met with Defendant Luxenberg for approximately two hours and that he "repeatedly referred to himself as the owner of Speedy and also referred to Speedy as 'his' company." Dkt. 40-1 at 31. Plaintiff further points to Rosanna Caldarone's affidavit where she states "Mr. Luxenberg, who represented himself to be the owner of Speedy Servicing[.]" Dkt. 19-2 at 47. These affidavits directly conflict with Defendant Luxenberg's. Plaintiff also provided reports of other individual's credit reports where Speedy Servicing lists its location as 85 Eagle Rock Ave., East Hanover, NJ 07936, which is Concord's address. Dkt. 40 at 7–8; Dkt 19-2 at 61; Dkt. 40-1 at 34. Further, Plaintiff argues that in its New York litigation Speedy filed a contract in which the "proof of authorization for *any*

transaction [was] christy@concordadvice.com." Dkt. 40 at 10 (emphasis in original); *see* Dkt 40-1 at 13.

This issue ultimately involves the merits of the case. If Plaintiff's allegations are true, the Court has jurisdiction, if not then the Court lacks jurisdiction. The Court finds that at this point in the litigation, Plaintiff has sufficiently alleged a connection between Defendants and Speedy Servicing to move forward. Thus, Speedy's alleged actions can support personal jurisdiction over Defendants to continue onto discovery.

Next, Defendants argue that cannot be reached by Florida's long-arm statute. Dkt. 32 at 9. Under Florida's long-arm statute, a nonresident submits to Florida's specific jurisdiction by:

> 1. Operating, conducting, engaging in, or carrying on a business or business venture in this state or having an office or agency in this state.
> 2. Committing a tortious act within this state.
>     . . . .
> 6. Causing injury to persons or property within this state arising out of an act or omission by the defendant outside this state, if, at or about the time of the injury, either:
>     a. The defendant was engaged in solicitation or service activities within this state; or
>     b. Products, materials, or things processed, serviced, or manufactured by the defendant anywhere were used or consumed within this state in the ordinary course of commerce, trade, or use.

Fla. Stat. § 48.193(1)(a)(1), (2), (6).

Defendants argue that Plaintiff failed to allege that Defendants do business in Florida and that Defendant Luxenberg's affidavit states that they do not conduct

business in Florida. But as established above, Defendants, through their alleged connection to Speedy Servicing, have conducted business in Florida by requesting Florida residents' credit reports from Clarity, a Florida credit reporting agency. At this stage, "the court must construe all reasonable inferences in favor of the plaintiff." *Meier*, 288 F.3d at 1269 (citation omitted). Thus, Plaintiff has established that Defendants fall under the Florida long-arm statute.

Finally, the Court must determine whether "exercise of jurisdiction would violate the Due Process Clause of the Fourteenth Amendment to the U.S. Constitution." *Louis Vuitton*, 736 F.3d at 1350 (citation omitted); *see Ins. Corp. of Ir. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 702–03 (1982) (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)). There is a three-part test to establish specific personal jurisdiction:

> (1) whether the plaintiff's claims "arise out of or relate to" at least one of the defendant's contacts with the forum; (2) whether the nonresident defendant "purposefully availed" himself of the privilege of conducting activities within the forum state, thus invoking the benefit of the forum state's laws; and (3) whether the exercise of personal jurisdiction comports with "traditional notions of fair play and substantial justice."

*Louis Vuitton*, 736 F.3d at 1355. Numerous courts, including the this one, have held "that, in FCRA cases, a defendant's accessing or requesting a plaintiff's credit report is sufficient to confer personal jurisdiction over the defendant in the place where the plaintiff lives and was injured by the defendant's actions." *Marcus*

11

*Forbes v. Concord Advice, LLC et al.*, No. 8:19-cv-02980-VMC-CPT, Dkt. 73 at 16–18 (M.D. Fla. Apr. 21, 2020) (see for list of cases with this holding).

Plaintiff argues that Defendants created minimum contacts with the state by contacting a credit reporting agency located in Florida about a Florida consumer. Dkt. 40 at 14. Plaintiff alleges this violated the FCRA. *Id.* Further, Plaintiff argues that Defendants reach thousands of Florida residents to provide "illegally-high-interest loans." *Id.* at 15. Plaintiff alleges that Defendants regularly pull credit reports for Florida consumers, as evidenced by the six related cases identified by Defendants. *Id.*

"When there is a battle of affidavits placing different constructions on the facts, the court is inclined to give greater weight, in the context of a motion to dismiss, to the plaintiff's version . . . , particularly when the jurisdictional questions are apparently intertwined with the merits of the case." *Nissim Corp. v. ClearPlay, Inc.*, 351 F. Supp. 2d 1343, 1346 (S.D. Fla. 2004) (quoting *Delong Equip. Co. v. Wash. Mills Abrasive Co.*, 840 F.2d 843, 845 (11th Cir. 1988)). Construing the allegations in favor of the Plaintiff, the Plaintiff's claim necessarily arises out of the Defendants' contacts with the forum, because it was the pulling of her credit report from a Florida agency that created her claim. Defendants argue that they were not involved in pulling Plaintiff's credit report, which, if true, would mean this Court would lack jurisdiction.

"Where the jurisdictional issues are intertwined with the substantive merits, the jurisdictional issues should be referred to the merits, for it is impossible to decide one without the other." *Eaton v. Dorchester Dev., Inc.*, 692 F.2d 727, 733 (11th Cir. 1982) (internal quotation omitted); *see TSM Tech. Mgmt., Inc. v. Benowitz*, No. 6:14-CV-1061-ORL-41, 2015 WL 1311016, at *6 (M.D. Fla. Mar. 24, 2015). The longstanding precedent is for cases where jurisdiction depends on the merits, to proceed forward with the merits, not to dismiss for lack of jurisdiction. *See Bell v. Hood*, 327 U.S. 678, 682 (1946); *see also Bayshore TBI, Inc. v. MemberSelect Ins. Co.*, No. 8:19-CV-01281-MSSAAS, 2019 WL 6696245, at *2–3 (M.D. Fla. Dec. 4, 2019), *Nissim Corp. v. ClearPlay, Inc.*, 351 F. Supp. 2d 1343, 1346 (S.D. Fla. 2004). This is consistent with this Court's recent holding in a factually similar case. *See Marcus Forbes v. Concord Advice, LLC et al.*, No. 8:19-cv-02980-VMC-CPT, Dkt. 73 (M.D. Fla. Apr. 21, 2020).

As the jurisdictional issues here are necessarily intertwined with the merits, the Court defers ruling on the jurisdictional determinations at this time. Defendants are free to raise these issues again at summary judgment or trial.

3) <u>Failure to State a Claim</u>

Finally, Defendants argue that Plaintiff failed to sufficiently allege that the Defendants "used or obtained the Plaintiff's consumer report without a permissible purpose." Dkt. 32 at 16. Defendants argue that Plaintiff only alleges that Speedy

requested and accessed a copy of her credit report without a permissible purpose and that she is impermissibly "lumping" Defendants in with Speedy to "impute liability[.]" *Id.* at 17.

At this stage of the litigation, the Court must construe the well-pleaded allegations in the Amended Complaint as true. Defendants are correct in that the Amended Complaint alleges that it was Speedy, through Rapital Capital, who requested Plaintiff's credit bureau report from Clarity without a permissible purpose in violation of the FCRA. Dkt 19 at 33–34. But Plaintiff also alleged that "Speedy's request was made at the direction of Luxenberg or pursuant to policies put in place by him." *Id.* at 34.

Plaintiff supports this with allegations of an extensive history of Luxenberg's activities and involvement both in the lending industry and with Speedy Servicing. Dkt. 19 at 4–12, 16–18, 26–30. This long running relationship between Luxemburg and Speedy was further confirmed in Luxenberg's affidavit. Dkt. 32-1 ¶¶ 8, 9, 11, 14, 17–20, 26, 28, 31. Speedy also referred the Court to Luxenberg's affidavit to explain Speedy's prior ownership and operations. Dkt. 31 at 6. Thus, viewing these allegations under the 12(b)(6) standard for a motion to dismiss, Plaintiff sufficiently alleged a claim.

## CONCLUSION

For the reasons stated above the Court denies in part and defers in part Defendants' motion to dismiss. Dkt. 32. The Court denies the Defendants' motion on standing and Rule 12(b)(6) grounds and defers regarding personal jurisdiction. Concord Advice and Luxenberg are directed to file their answer to the Amended Complaint, Dkt. 19, within 14 days of the date of this Order. Full discovery and case progress should proceed.

**DONE AND ORDERED** at Tampa, Florida, on May 6, 2020.

*/s/ William F. Jung*
**WILLIAM F. JUNG**
**UNITED STATES DISTRICT JUDGE**

**COPIES FURNISHED TO**:
Counsel of Record