IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**CAROL DANIEL,**

    Plaintiff,

v.                                             Case No.: 8:19-cv-02978-WFJ-SPF

**SPEEDY SERVICING INC.,
CONCORD ADVICE, LLC, and
MICHAEL LUXENBERG,**

    Defendants.
_____/

## DEFENDANTS' AMENDED MOTION FOR RULE 11 SANCTIONS

Pursuant to Rule 11 of the Federal Rules of Civil Procedure, Defendants Concord Advice, LLC ("**Concord**") and Michael Luxenberg ("**Luxenberg**"), collectively, the "**Defendants**," move on the following grounds for sanctions against Plaintiff and Plaintiff's counsel:

1. In this lawsuit, Plaintiff contends that Speedy Servicing, Inc., a British Virgin Islands corporation ("**Speedy**"), impermissibly requested a Credit Bureau Report from Clarity Services, Inc. regarding Plaintiff and purports to seek damages under the Fair Credit Reporting Act (the "**FCRA**") against the Defendants and co-defendants Speedy and Clarity Services, Inc.[1]

2. In reality, the First Amended Complaint and Jury Trial Demand (the "**Amended Complaint**") reads as 39 pages of rambling diatribes concerning the defendants' alleged past dealings and affiliations, most of which have no relation to the actual claims set forth in the Amended Complaint. This action is one of at least seven pending lawsuits in which the law firm

---

[1] Plaintiff reached a settlement with Defendant Clarity Services

4829-9054-9683.2

representing Plaintiff has sued these same defendants making the same identical allegations in an attempt to harass a settlement from the Defendants. Plaintiff's allegations range from inaccurate statements of party relationships, allegations regarding non-parties to this lawsuit and extraneous investigations against those parties, and conspiracy theories regarding the origin and affiliations of the parties in this action. Plaintiff's inaccurate and irrelevant allegations in the Amended Complaint constitute thinly-veiled attempts to establish this Court's jurisdiction over Concord and Luxenberg.

3. Plaintiff alleges that Speedy was initially incorporated in the British Virgin Islands, but is currently registered in Quebec, Canada and that its Canadian registrations identify James Meloche and Carolyn Stalk as its owners. Am. Compl. ¶¶ 6, 15, 16, 17.

4. Plaintiff then acknowledges in the Amended Complaint that Concord is a separate legal entity from Speedy, organized under Delaware law, with its principal place of business in the State of New Jersey. Am. Compl. ¶ 26.

5. Despite these fundamental distinctions, Plaintiff then attempts to draw the unsupported conclusion that Concord and Speedy are under common control and Luxenberg is the true owner of Speedy. Am. Compl., ¶¶ 18, 30. Plaintiff's conclusions appear to be based on its allegations that (1) Speedy provides Concord's business address to credit reporting agencies, (2) Luxenberg owns East Side Lenders, LLC, which uses the same mailing address as members of the "Speedy Loan Network" have used, and (3) in two lawsuits between Speedy and certain check processing companies Speedy contracted with, Luxenberg was assisting Speedy recover funds that belonged to Speedy. Am. Compl. ¶¶ 13, 58, 61, 109, 110, 119, 123, 124, 125, 188, 198. Plaintiff's attempt to connect Luxenberg and Concord with Speedy for jurisdictional purposes and to attach FCRA liability is wholly without merit and easily disproven. Even further

attenuated is Plaintiff's attempt to sue Luxenberg individually for the acts of Speedy, an entity Luxenberg has no affiliation with, without any valid basis to pierce the corporate veil.

6.      As set forth in the Memorandum of Law below, Plaintiff's Amended Complaint violates Rule 11(b)(1), (2), and (3) of the Federal Rules of Civil Procedure, in that the Amended Complaint against Concord and Luxenberg lacks substantive factual merit. Notably, this Court lacks personal jurisdiction over both Luxenberg personally and over Concord in its capacity as a Delaware limited liability company. Furthermore, even if this Court had jurisdiction over Concord and Luxenberg, Plaintiff has failed to state a claim against either of them under the FCRA.  Therefore, the Amended Complaint is brought for improper purpose.

**WHEREFORE**, the Defendants seek sanctions pursuant to Rule 11, Federal Rules of Civil Procedure, against Plaintiff and his attorneys for pursuing claims that are vexatious, frivolous, and harassing.

## MEMORANDUM OF LAW

### I. BACKGROUND

Plaintiff's Amended Complaint impermissibly attempts to sue Concord and Luxenberg for the alleged improper acts of an unrelated third party, Speedy.  In support of Plaintiff's claims against Luxenberg is the unsubstantiated assertion that Luxenberg is the owner, director and manager of Speedy and that Luxenberg utilizes Concord and Speedy, and a series of other fictitious names, to orchestrate virtually every aspect of the payday loan industry.  Am. Compl. ¶¶ 19, 25.  In support of Plaintiff's claims against Concord are the unsubstantiated assertions that Speedy and Concord are under common control, operate out of a combined headquarters, commingle funds and share common employees, common officers, common ownership and strategic leadership such that they constitute a single business enterprise.  Am. Compl. ¶ 30.

Plaintiff's conclusory allegations regarding Concord's and Luxenberg's relationship to Speedy are squarely refuted by the Affidavit of Michael Luxenberg in Support of Defendants, Concord Advice, LLC's and Michael Luxenberg's Motion to Dismiss the First Amended Complaint and Jury Trial Demand (the "**Affidavit**") attached as Exhibit 1 to Concord and Luxenberg's Motion to Dismiss First Amended Complaint and Memorandum of Law in Support (Doc. 32). Plaintiff's inaccurate and irrelevant allegations in the Amended Complaint are insufficient to assert an alter ego theory or to establish personal jurisdiction over Concord and Luxenberg in this case.

Concord is a limited liability company organized under the laws of the State of Delaware with its principal place of business located at 85 Eagle Rock Avenue, East Hanover, New Jersey 07936. *See* Affidavit. Concord is not registered to do business in Florida, has no offices or employees in Florida and has never operated, conducted, engaged in or carried on a business or business ventures in the State of Florida. *Id*. Concord is an advisory company that provides services to financial companies, such as software to track and analyze data, IT support, marketing services and consulting services. *Id*. With respect to Speedy, Concord is an outside vendor that licenses software to Speedy. *Id*.

Luxenberg is the sole member and manager of Concord. *Id*. Luxenberg is a full time resident of the State of New Jersey. *Id*. Luxenberg has no office or employees in Florida and has never operated, conducted, engaged in or carried on a business or business venture in the State of Florida. *Id*. Luxenberg provides no services to Speedy. *Id*. Luxenberg and Concord have no ownership interest, management position or other affiliation with Speedy. *Id*. Luxenberg and Concord are not the registered agent of, or otherwise authorized to accept service on behalf of Speedy. *Id*. Luxenberg and Concord are not authorized to act in any way on behalf of Speedy. *Id*.

Concord is not registered to do business in Florida, has no offices or employees in Florida and has never operated, conducted, engaged in or carried on a business or business venture in the State of Florida. *Id.* Luxenberg and Concord are not lenders and do not make loans anywhere, including the State of Florida. *Id.* Concord and Luxenberg have no contact or interaction with Speedy's customers, including Plaintiff. *Id.* Luxenberg and Concord do not own or rent any property in Florida. *Id.* Luxenberg and Concord do not maintain any bank accounts in Florida. *Id.* Luxenberg and Concord do not pay any taxes in Florida. *Id.* Luxenberg and Concord do not maintain any licenses in Florida. *Id.* Luxenberg and Concord have not sold any products in Florida. *Id.* Luxenberg and Concord do not have any customers in Florida. *Id.* Luxenberg and Concord do not direct any advertising to Florida or to any specific state or regions. *Id.*

East Side Lenders, LLC ("**East Side Lenders**") is a Delaware limited liability company organized in 2005. *Id.* From 2005 until September 2013, Luxenberg had an ownership interest in East Side Lenders. *Id.* On September 12, 2013, Luxenberg sold all of his interest in East Side Lenders to James Meloche, who was the owner of Speedy. *Id.* Luxenberg has not been involved with East Side Lenders in any capacity since it was sold in September 2013. *Id.*

Further, although Luxenberg is unaware of the exact details or structure of the transaction as a non-party, it is Luxenberg's understanding that Speedy eventually became a sole proprietorship owned by Carolyn Stalk. *Id.* Luxenberg does not own Speedy, nor is he responsible for setting the policies of Speedy. *Id.*

After Luxenberg sold his interest in East Side Lenders, he started his consulting firm, Concord. *Id.* Concord was contracted by Speedy to work as a vendor procuring payment processing. *Id.* In that capacity, Concord assisted Speedy with preparing, implementing and enforcing contracts with third party payment processing vendors, such as MD Financial, LLC and

XTP Solutions, Inc. *Id.*  All actions taken by Concord relating to check processing were at the direction of Speedy. *Id.*  In that capacity, Concord did not request or obtain consumer credit reports on behalf of Speedy. *Id.*

Since the sale of East Side Lenders in September 2013, neither Concord nor Luxenberg has owned, directed or managed any online lending companies. *Id.*

Plaintiff states in paragraph 22 of the Amended Complaint that Luxenberg created a network of websites related to the payday loan industry called the Speedy Loan Network, which is not true. *Id.*  The sale of East Side Lenders was an all asset sale and included the sale of the East Side Lenders' website. *Id.*  After the sale of East Side Lenders in September of 2013, Luxenberg no longer had any control over the website of East Side Lenders nor did he have any involvement in the content of that website. *Id.*  Further, Luxenberg had no involvement in the creation of, or content contained on, any other websites owned by Speedy, including Rapital Capital, Dash of Cash, Money Messiah or Uncle Warbucks. *Id.*

In connection with the sale of East Side Lenders in September 2013, East Side Lenders also transferred the UPS private mailbox located at 40 E. Main Street, Suite 410, Newark, DE 19711. *Id.*  Luxenberg had no access to this UPS private mailbox following the sale of East Side Lenders. *Id.*  Further, despite's Plaintiff's allegation in paragraph 60 of the Amended Complaint that another entity Luxenberg created, Lowondo Financial, LLC, used this same address in Newark, Delaware, as Plaintiff's allegations acknowledge, Lowondo Financial, LLC claimed this address fourteen years ago, in 2006. *Id.*  Lowondo Financial, LLC has not been in operation since 2013 and was dissolved in 2015. *Id.*

Plaintiff alleges in paragraph 85 of the Amended Complaint that Luxenberg altered the terms and conditions for East Side Lenders in late 2013 to require an arbitrator to apply the laws

of the British Virgin Islands. However, Luxenberg did not alter any terms of the East Side Lenders' website in late 2013. *Id.* Instead, this occurred after East Side Lenders was sold, which subsequently became Speedy Servicing, Inc., a British Virgin Islands entity. *Id.*

In 2015, a lawsuit arose between DGD Processing Solutions, LLC, MD Financial, LLC and Speedy relating to amounts owed under certain payment processing agreements (the "**2015 Lawsuit**"). *Id.* Because of Concord's consulting role in procuring payment processing services to Speedy, Luxenberg assisted Speedy in trying to recoup funds due to Speedy from MD Financial, LLC. *Id.* All actions taken by Concord and its employees, including Luxenberg, in that capacity were at the express direction of Speedy. *Id.* The funds recovered, if any, belonged to and were to be paid to Speedy, not to Concord, Luxenberg or any of Luxenberg's employees. *Id.*

During the course of the 2015 Lawsuit, it was expressly explained that James Meloche owned Speedy. *Id.* The payment processing agreement at issue in the 2015 Lawsuit between Speedy and MD Financial, LLC is signed by James Meloche, as President of Speedy. *Id.* Luxenberg never represented to anyone at MD Financial, LLC that he owned Speedy. *Id.* As paragraph 126 of Plaintiff's Amended Complaint sets forth, all emails between MD Financial, LLC and Luxenberg were directed to Luxenberg at his Concord email address. *Id.*

In 2019, a lawsuit arose between XTP Solutions, Inc. and Speedy relating to amounts owed under a 2017 payment processing agreement (the "**2019 Lawsuit**"). *Id.* Due to Concord's consulting role in procuring payment processing services to Speedy, Luxenberg assisted Speedy in trying to recoup funds due to Speedy from XTP Solutions, Inc. *Id.* All actions taken by Concord and its employees, including Luxenberg, in that capacity were at the express direction of Speedy. *Id.* The funds recovered, if any, belonged to and were to be paid to Speedy, not to Concord, Luxenberg or any of Luxenberg's employees. *Id.*

7

During the course of the 2019 Lawsuit, it was expressly explained that James Meloche owned Speedy. *Id.* The 2017 payment processing agreement at issue in the 2019 Lawsuit between Speedy and XTP Solutions, Inc. is signed by James Meloche, as President of Speedy. *Id.* Luxenberg never represented to anyone at XTP Solutions, Inc. that Luxenberg owned Speedy. *Id.* As paragraphs 199 and 200 of Plaintiff's Amended Complaint set forth, all emails between XTP Solutions, Inc. and Luxenberg were directed to Luxenberg at his Concord email address. *Id.* Concord does not currently provide Speedy with any payment processing procurement services. *Id.*

Neither Luxenberg nor Concord have any contact or interaction with Speedy's customers, including the Plaintiff in this case, Carol Daniel. *Id.*

As Plaintiff states in paragraph 12 of the Amended Complaint, Speedy, in the ordinary course of its business as a lender, requests and obtains consumer credit reports from various Consumer Credit Reporting Agencies. *Id.* Neither Luxenberg nor Concord requests or obtains consumer credit reports on behalf of Speedy. *Id.* Neither Luxenberg nor Concord directed Speedy to pull a credit report of Carol Daniel or were otherwise involved in the pulling of the credit report of Carol Daniel. *Id.* Neither Luxenberg nor Concord provided an address for Speedy to any credit reporting agency. *Id.*

Thus, neither Concord nor Luxenberg have any connections to Florida sufficient to warrant personal jurisdiction over them and sanctions should be awarded against Plaintiff and his attorneys for pursuing this baseless lawsuit, and they should be responsible for the Defendants' unnecessary legal fees and costs.

## II. ARGUMENT

### A. RULE 11

Rule 11, Federal Rules of Civil Procedure, requires that an attorney signing a pleading certify that:

> (1) [the pleading] is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
>
> (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law; [and]
>
> (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery[.]

Fed. R. Civ. P. 11(b)(1)–(3). "[T]he central purpose of Rule 11 is to deter baseless filings." *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 393 (1990). Rule 11 was also created to "deter vexatious and frivolous litigation." *Fox v. Acadia State Bank,* 937 F.2d 1566, 1571 (11th Cir. 1991) (sanctions warranted by lack of good-faith argument in support of claims; amount of sanction rev'd). The Rule serves to expedite the administration and procedure of litigation as well as to punish improper conduct by litigants and their counsel. *Nitram, Inc. v. Industrial Risk Insurers,* 149 F.R.D. 662, 664 (M.D. Fla. 1993). "Every lawyer is an officer of the court and, as such, in addition to his duty of diligently researching his client's case, he always has a duty of candor to the tribunal." *Bautista v. Star Cruises*, 696 F. Supp. 2d 1274, 1278 (S.D. Fla. 2010). "Imposition of sanctions on the attorney rather than, or in addition to, the client is sometimes proper 'since it may well be more appropriate than a sanction that penalizes the parties for the offenses of their counsel.'" *Worldwide Primates, Inc. v. McGreal*, 87 F.3d 1252, 1254 (11th Cir. 1996) (quoting *Mike Ousley Productions, Inc. v. WJBF-TV*, 952 F.2d 380, 382 (11th Cir. 1992)).

9

Sanctions are appropriate "(1) when a party files a pleading that has no reasonable factual basis; (2) when the party files a pleading that is based on a legal theory that has no reasonable chance of success and that cannot be advanced as a reasonable argument to change existing law; or (3) when the party files a pleading in bad faith for an improper purpose." *Massengale v. Ray*, 267 F.3d 1298, 1301 (11th Cir. 2001) (quoting *Worldwide Primates, Inc.* 87 F.3d at 1254). Courts assess litigants' conduct under Rule 11 by a standard of "reasonableness under the circumstances." *Riccard v. Prudential Ins. Co.*, 307 F.3d 1277, 1294 (11th Cir. 2002) (quoting *Baker v. Alderman*, 158 F.3d 516, 524 (11th Cir. 1998)). This requires a two-step inquiry. First, the court must determine whether the party's claims are objectively frivolous. *Baker*, 158 F.3d at 524. Then, the court must examine whether the person signing the pleadings should have been aware that the pleadings were frivolous when filed. *Id.* Sanctions are ultimately appropriate where claimant or signing attorney exhibits a "deliberate indifference to obvious facts." *Id.*

Rule 11 also imposes procedural requirements on any movant. Specifically, pursuant to Rule 11(c)(1)(A), a movant must file a separate motion directed towards sanctions, which motion shall be served upon the offending party (but not filed with the Court). The movant shall allow the offending party twenty-one (21) days to withdraw the pleading or motion. If the pleading or motion is not withdrawn during that time, the movant may then file its motion with the court. This motion was served on Plaintiff and his counsel on the date shown below in the Certificate of Service.

## B. APPLICATION OF RULE 11 TO THIS CASE[2]

### 1. Plaintiff has failed to establish personal jurisdiction over Concord or Luxenberg

First, it is basic black-letter law that a plaintiff cannot impose personal liability upon an individual simply because that individual owns a company. *See Dania Jai-Alai Palace, Inc. v. Sykes*, 450 So. 2d 1114, 1120–21 (Fla. 1984) ("Those who utilize the laws of this state in order to do business in the corporate form have every right to rely on the rules of law which protect them against personal liability unless it be shown that the corporation is formed or used for some illegal, fraudulent or other unjust purpose which justifies piercing of the corporate veil." (internal quotations omitted)).

Despite this well-settled principle of Florida law, the Amended Complaint attempts to bring claims against Luxenberg personally as owner of Concord without making any allegation sufficient to pierce the corporate veil. Furthermore, even if there were some valid basis for piercing the corporate veil and bringing the alleged claims against. Luxenberg, as stated above, the Amended Complaint still fails to state any valid basis for personal jurisdiction over Luxenberg or Concord.

The closest Plaintiff does come to pleading a basis for personal jurisdiction over Concord is to allege that Speedy used Concord's principal place of business to obtain credit bureau reports. Am. Compl. ¶ 13. Even assuming this can be construed as the use of a common address (and ignoring the contradictory allegations in the Amended Complaint that Speedy's actual principal place of business is in the British Virgin Islands and its website lists its address in

---

[2] In addition to the arguments made herein, the Defendants incorporate by reference the arguments made in their Motion to Dismiss First Amended Complaint and Memorandum of Law in Support filed in this case on February 3, 2020 (Doc. 32)

11

Quebec), the use of a common address is wholly insufficient to establish personal jurisdiction. *MeterLogic, Inc. v. Copier Sols.*, 126 F. Supp. 2d 1346, 1358 (S.D. Fla. 2000) (holding that "the sharing of a business address … is insufficient to support a finding that the subsidiaries are the alter ego of their corporate parents."). Further, here, the Affidavit makes clear that Concord and Luxenberg have no affiliation with Speedy. *See* Affidavit ¶¶ 8, 11. Concord is an unrelated vendor of Speedy that licenses software to Speedy. Affidavit ¶ 8. There is no common ownership, control or management to support any alter ego theory in this case. As reflected in the Affidavit, the facts in this case clearly establish the Defendants have no business activity in Florida and there is no basis to support an alter ego claim. Because Defendants have no continuous business contacts of any kind in Florida, they cannot be subject to general personal jurisdiction in Florida.

Accordingly, the Amended Complaint fails to allege a basis for personal jurisdiction over either Luxenberg or Concord. *See Cornerstone Inv. Funding, LLC v. Painted Post Grp., Inc.*, 188 So. 3d 904, 905 (Fla. 4th DCA 2016) (explaining that personal jurisdiction over a non-resident defendant may be exercised only by satisfying the following two-pronged test: (1) the complaint alleges facts that would subject the defendant to Florida's long-arm statute, and (2) the defendant has sufficient minimum contacts to meet traditional notions of fair play and substantial justice such that the defendant could reasonably anticipate being haled into court due to its actions).

The Eleventh Circuit has adopted a three-part test to determine whether the minimum contacts requirement has been satisfied. First, the contacts must be related to the plaintiff's cause of action. *Posner v. Essex Ins. Co., Ltd.*, 178 F.3d 1209, 1220 (11th Cir. 1999) (citing *Vermeulen v. Renault, U.S.A., Inc.*, 985 F.2d 1534, 1546 (11th Cir. 1993)). Second, the contacts must involve some act by which a defendant purposefully avails itself of the privilege of

conducting activities within the forum. *Id*. Third, a defendant's contacts with the forum must be such that the defendant should reasonably anticipate being haled into court there. *Id*. As demonstrated above and by the Affidavit, none of these factors is present here.

**2. Plaintiff Lacks Article III Standing to Bring An Action Against Concord and Luxenberg.**

Because Plaintiff has failed to allege any concrete and particularized harm that she has suffered or is likely to suffer, Plaintiff also lacks Article III standing to bring a claim for violation of the FCRA. Plaintiff's claims in the Amended Complaint against the plaintiff "bears the burden of showing that [s]he has standing." *Summers v. Earth Island Inst.*, 555 U.S. 488, 493 (2009). "[E]ach element [of standing] must be supported in the same way as any other matter on which the plaintiff bears the burden of proof, *i.e.*, with the manner and degree of evidence required at the successive stages of the litigation." *Am. Civil Liberties Union of Florida, Inc. v. Dixie County, Fla.*, 690 F.3d 1244, 1247 (11th Cir. 2012) (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992)). "Where, as here, a case is at the pleading stage, the plaintiff must 'clearly . . . allege facts demonstrating' each element." *Spokeo*, 136 S. Ct. at 1547 (quoting *Warth v. Seldin*, 422 U.S. 490, 518 (1975)) (alterations in original).

The U.S. Supreme Court recently explained that "the 'irreducible constitutional minimum' of standing consists of three elements." *Spokeo*, 136 S. Ct. at 1547 (quoting *Lujan*, 504 U.S. at 56). A plaintiff "must have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of a defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Id.* Injury is "the '[f]irst and foremost' of standing's three elements." *Spokeo*, 136 S. Ct. at 1547 (quoting *Steel Co. v. Citizens for Better Env't*, 523 U.S. 83, 103 (1998)). "To establish injury in fact, a plaintiff must show that he or she suffered 'an invasion of a legally

protected interest' that is 'concrete and particularized' and 'actual or imminent, not conjectural or hypothetical.'" *Id.* at 1548 (quoting *Lujan*, 504 U.S. at 560). "Particularization is necessary to establish injury in fact, but it is not sufficient. An injury in fact must also be 'concrete.'" *Id.* at 1548. "Article III standing requires a concrete injury even in the context of a statutory violation." *Id.*

Plaintiff has failed to assert any concrete and particularized injury separate from a purported statutory violation in the Amended Complaint. As well-settled case law in the Eleventh Circuit and others has consistently informed, "[a] 'concrete' injury must be '*de facto*'; that is, it must actually exist." *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, (2016), as revised (May 24, 2016). The United States Supreme Court has also asserted that "[w]hen we have used the adjective 'concrete' we have meant to convey the usual meaning of the term—'real,' and not 'abstract.'" *Id.*

Similarly, when plaintiffs seek to establish standing based on a threatened injury, the Supreme Court has explained "that 'threatened injury must be certainly impending to constitute injury in fact,' and that mere '[a]llegations of possible future injury' are not sufficient." *Clapper v. Amnesty Int'l USA*, 133 S. Ct. 1138, 1147 (2013) (quoting Whitmore v. Arkansas, 495 U.S. 149, 158 (1990)) (emphasis in original); *Shelton v. Blindbid Inc.*, 2019 WL 4451376 (N.D. Ohio September 17, 2019) (complaint dismissed for lack of standing because Plaintiff did not allege any facts that show a concrete and particularized injury resulting from Defendants' alleged FCRA violation).

Here, the Plaintiff "cannot satisfy the demands of Article III by alleging a bare procedural violation." *Spokeo*, 136 S. Ct. at 1547 (explaining that a "violation of the FCRA's procedural requirements may result in no harm"). Plaintiff has failed to allege ***any*** harm from the alleged

14

procedural violation (Section 1681e(f)), in its Amended Complaint, nor has Plaintiff alleged any impending concrete and particularized harm. *See* Am. Compl. Such an attenuated allegation of "harm" is simply insufficient to give rise to the present or impending **concrete** harm sufficient to confer Article III standing. Plaintiff's allegations of **possible** future injury are also insufficient. *See Clapper*, 133 S. Ct. at 1147. Plaintiff's Amended Complaint lacks merit on this additional basis.

### 3. The Amended Complaint Otherwise Fails to State a Claim for Violation of Section 1681(b)(f) of the FCRA.

Finally, Plaintiff fails to state a claim against Concord and Luxenberg for violations of Section 1681b(f) of the FCRA for multiple reasons. First, the allegations of the Amended Complaint suggest that Speedy, not Concord or Luxenberg, purportedly obtained or used Plaintiff's consumer credit report. Even if Concord and Luxenberg were involved with the credit pull, the credit pull was done with a permissible purpose **and** was expressly authorized by the Plaintiff. Plaintiff's Amended Complaint lacks merit on this additional basis.

To state a claim for violation of the FCRA in connection with the misuse or acquisition of a consumer report, a plaintiff must adequately allege: (1) that there was a consumer report, (2) that defendants used or obtained it, (3) that they did so without a permissible statutory purpose, and (4) defendants acted with the specified culpable mental state. *Little v. Asset Acceptance, LLC*, Case No. 12-81116-CIV, 2013 WL 12080760, at *3 (S.D. Fla. Apr. 9, 2013). The FCRA sets forth various purposes for which consumer reports may be lawfully accessed. For instance, a report may be provided in connection with a consumer's credit activity and "involving the extension of credit to, or review or collection of an account of, the consumer." 15 U.S.C. § 1681b(a)(3)(A). To establish a claim for willful or negligent misuse or acquisition of a consumer

15

report, a plaintiff must establish that the defendant acted without a permissible purpose or a "reasonable belief" that a permissible purpose existed. *Farrell v. Hanna*, Case No. 6:14–cv–81–Orl–18KRS, 2014 WL 12616977, at *2 (M.D. Fla. Aug. 22, 2014). An entity with a reasonable belief that is has a permissible purpose to acquire a consumer credit report does not violate the FCRA. *See id.*

Plaintiff fails to sufficiently allege that Concord or Luxenberg violated the FCRA by obtaining or using Plaintiff's credit report. In the Amended Complaint, Plaintiff specifically states that "Speedy requested a [consumer credit report] from Clarity regarding [Plaintiff]" and that "Clarity, in turn, requested and obtained a copy of [Plaintiff's] Experian consumer credit report." *See* Am. Compl. ¶¶ 236, 237. The allegations are clear that Plaintiff contends it was actually Speedy who requested the report. Plaintiff then attempts to effectively impute liability for this purported credit pull by simply alleging that the pull occurred at the direction of Luxenberg and/or Concord or by lumping together multiple Defendants by threadbare allegations of connectivity. Meanwhile, Defendants have established by affidavits in the instant action that Concord and Luxenberg had no involvement in pulling the Plaintiff's credit report. Thus, Plaintiff fails to establish a vital element of an FCRA claim, that the Defendants actually pulled Plaintiff's credit report, and Plaintiff's claim fails on this basis alone.

Not only does Plaintiff fail to establish that Conrod or Luxenberg pulled the credit report, Plaintiff cannot establish that the credit report was pulled for an improper purpose—particularly in light of the fact that Plaintiff expressly authorized the credit pull.  Exhibit "KK" attached to Plaintiff's Amended expressly shows that (1) Clarity was the account identified as having pulled the credit report, and (2) that the purpose of the credit report for a "[l]ine of credit," a permissible purpose for pulling a credit report under Section 1681b(f).

16

Finally, a "[d]efendant need not demonstrate more to establish a 'permissible purpose'" where a plaintiff grants authorization to a defendant to perform such a credit pull, for example, when seeking out a line of credit. *Meeks v. Murphy Auto Grp., Inc.*, No. 8:09-CV-1050-T-TBM, 2010 WL 5174525, at *7 (M.D. Fla. Dec. 15, 2010), aff'd, 441 F. App'x 683 (11th Cir. 2011); *see also Clemons v. Cutler Ridge Auto., LLC*, No. 06-21648-CIV, 2008 WL 879324, at *3 (S.D. Fla. Mar. 31, 2008) (explaining that a request for a consumer report is permissible if it is "in accordance with the written instructions of the consumer to whom it relates"); 16 C.F.R. pt. 600 (Commentary on the FCRA) (stating that "no other permissible purses needed" if the consumer furnishes written authorization for a report). Here, the Plaintiff applied for numerous loans from the Speedy loan network and authorized the pulling of her credit report in connection with those loan applications. Thus, even if Concord or Luxenberg had any involvement in pulling Plaintiff's credit report—they did not—that credit pull was expressly authorized by Plaintiff.

### III. CONCLUSION

In light of the facts and relevant law set forth above, it is clear that the Amended Complaint against Concord and Luxenberg was filed in violation of the provision of Rule 11 requiring dismissal. This Motion was served on Plaintiff and her counsel on February 10, 2020, but was not contemporaneously filed with the Court. At that time, Defendants notified Plaintiff that if she did not withdraw or dismiss her Amended Complaint as to Luxenberg and Concord within twenty-one (21) days of service hereof, Luxenberg and Concord will file this Motion with the Court and seek sanctions, attorneys' fees, costs, and pre-judgment interest, all pursuant to Rule 11 of the Federal Rules of Civil Procedure. As such, Concord and Luxenberg file this Motion, they respectfully request that this Court award sanctions pursuant to Rule 11 of the Federal Rules of Civil Procedure against Plaintiff and her attorneys for filing and pursuing a frivolous lawsuit,

in the amount of the Defendants' legal fees and costs incurred in defending this action, and for all such relief as this Court deems just and proper.

### Compliance with Local Rule 3.01(g) and
### Safe Harbor Provision of Federal Rule of Civil Procedure 11

In accordance with Local Rule 3.01(g), the undersigned counsel hereby certifies that she conferred with Plaintiff's counsel regarding the relief sought by this motion, but counsel for the parties could not agree on the resolution of the motion. Specifically, Plaintiff's counsel advised that they oppose this Rule 11 motion. Additionally, the undersigned counsel hereby certifies that Defendants complied with the safe harbor provision of Federal Rule of Civil Procedure 11(c)(2) by serving a copy of this motion upon Plaintiffs' counsel on February 10, 2020, more than twenty-one (21) days in advance of the filing of this motion with the Court.

Respectfully submitted,

/s/ *Lauren G. Raines*
Lauren G. Raines
Florida Bar No. 11896
Tara M. Petzoldt, Esq.
Florida Bar No. 0125099
**BRADLEY ARANT BOULT CUMMINGS LLP**
100 N. Tampa Street, Suite 2200
Tampa, FL 33602
T: (813) 559-5500 | F: (813) 229-5946
Primary E-Mail:  tpetzoldt@bradley.com
Primary E-Mail: lraines@bradley.com
Secondary E-Mail: eajohnson@bradley.com
*Counsel for Defendants Concord Advice, LLC, and Michael Luxenberg*

4829-9054-9683.2

## CERTIFICATE OF SERVICE

      I hereby certify that on November 19, 2020, I electronically filed the foregoing with the Clerk of Court using the CM/ECF System which will send an electronic notification of such filing to the following parties:

Brandon D. Morgan, Esq., Counsel for Plaintiff, Marcus Forbes
bmorgan@seraphlegal.com

Thomas M. Bonan, Esq., Counsel for Plaintiff, Marcus Forbes
tbonan@seraphlegal.com

Bryan James Geiger, Esq., Counsel for Plaintiff, Marcus Forbes
bgeiger@seraphlegal.com

S. Douglas Knox, Esq., Counsel for Defendant, Speedy Servicing
doug.knox@gray-robinson.com

                                                          */s/ Lauren G. Raines*
                                                          Attorney

4829-9054-9683.2